IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANA CARGILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-12-0180-C |
| ) | |
| NORMAN REGIONAL HEALTH ) | |
| SYSTEM and/or NORMAN REGIONAL ) | |
| HOSPITAL AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On April 10, 2012, the Court entered an Order remanding this matter to the state court. Defendant now seeks reconsideration of that Order arguing it is inconsistent with Orders previously issued in Salzer v. SSM Health Care of Okla., Case No. CIV-11-1093-C (W.D. Okla. Feb 6, 2012), and Canady v. Integris Health, Inc., Case No. CIV-07-1347-C (W.D. Okla. Mar. 28, 2008). The Court has considered the issues raised in Salzer and Canady anew and finds they are distinguishable from the present case. In Salzer, the plaintiff sued the defendant because it purportedly did not honor a contract with the plaintiff's health insurance provider and charge the plaintiff the discounted rates. In Canady, the plaintiff sought damages based on the defendant charging patients more than allowed in contracts between the defendant and the plaintiff's health insurance providers. Here, Plaintiff does not directly implicate her health insurance. Rather, she complains of Defendant's use of the "contract" to place a lien and attempt to recover monies to which Defendant could not otherwise attach. As noted in the prior Order, Plaintiff's Amended Petition raises three claims. The first

requests the Court determine the "contract" is void as illegal or contrary to public policy. Clearly this raises an issue of state, not ERISA, law. The second seeks a declaratory judgment that the "contract" is void. again raising an issue of state, not ERISA, law. Finally, the third claim seeks a permanent injunction barring Defendant from requiring any further patients to execute the "contract." ERISA law is not implicated in this claim either.

As the Court noted in its prior Order, whether or not Plaintiff has health insurance arises if at all in the issue of whether or not a plaintiff is entitled to the discounted rates that arise as a result of a contract between Defendant and the health insurance providers. This issue is at most a peripheral issue and is insufficient to warrant removal. Indeed, even if the issue were more prominent, as the Court noted, a plaintiff's ability to lay claim to those discounts is a matter of Oklahoma contract law not ERISA law.

For the reasons set forth herein, Defendant Norman Regional Hospital Authority's Motion for Reconsideration (Dkt. No. 14) is DENIED.

IT IS SO ORDERED this 16th day of April, 2012.

ROBIN J. CAUTHRON
United States District Judge